UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES KEVIN KERGIL,

                    Petitioner,

          -against-

BUREAU OF PRISONS; RESIDENTIAL
REENTRY CENTER, BRONX, NY; MS.
COSME (DIRECTOR),

                   Respondents.

                                  23-CV-5949 (CM)

---

### DECISION AND ORDER DENYING AS MOOT PETITIONER'S MOTION FILED PURSUANT TO 28 U.S.C. § 2241

McMahon, J.:

     On July 30, 2014, James Kevin Kergil was sentenced to a term of 108 months' imprisonment and a three-year term of supervision after a jury found him guilty of *inter alia* conspiracy to commit mail and wire fraud. *United States v. Binday, et al.*, No. 12-cr-152-CM-2 (S.D.N.Y.), ECF No. 331. After serving a portion of his sentence in a Bureau of Prisons ("BOP") facility, Kergil was placed in home confinement on August 18, 2020. His scheduled release date then was March 7, 2024. Declaration of Kenneth Bork ¶ 5, ECF No. 8.

     On July 10, 2023, Kergil filed the instant petition pursuant to 28 U.S.C. § 2241, asking that he be released from BOP custody. Kergil argues that BOP failed to follow the rules—as amended by the First Step Act of 2016 ("FSA")—for calculating the time an inmate has served. He says that he should have been released from BOP custody back in March 2003. He asks that the Court direct BOP "to immediately release [him] to Supervised Release and however many days [he] remain[ed] on Home Confinement from March 7 2023, subtract that amount of days from [his] order of 3 years of Supervised Release." Petition at 7.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8_/_3_/_2_3_

After receiving Kergil's Petition, BOP reviewed its records, determined that Kergil should have received the FSA credits, and released him from custody on July 28, 2023. Accordingly, Kergil's petition is now moot. *See, e.g.*, *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.").  To the extent Kergil is seeking application of any excess days he served in home confinement towards his term of supervised release, this is not relief that is available under the First Step Act.  *See United States v. Calabrese*, No. 1:11-cr-00437, 2023 WL 1969753, at *2 (N.D. Ohio Feb. 13, 2023); *Dandridge v. United States*, No. 3:22-CV-647-HEH, 2023 WL 4137470, at *2 (E.D. Va. June 22, 2023) (denying application of FSA credits towards reductions of supervised release); *Sila v. Warden*, No. 22-cv-1632, 2023 WL 2504476, at *2 (C.D. Cal. Feb. 13, 2023), report and recommendation adopted, No. 22-cv-1632 2023 WL 2504989 (C.D. Cal. Mar. 13, 2023) ("The First Step Act . . . does not provide for a reduction of supervised release terms, and the BOP is not authorized to reduce such terms.").

Accordingly, Kergil's petition is denied as moot.

Dated:   August 3, 2023
         New York, New York

_____
Colleen McMahon
United States District Judge